## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD MADISON, on behalf of himself and those similarly situated, 915 Wolcott Avenue Norfolk, VA 23513 | CLASS ACTION FOR BREACH OF CONTRACT, UNJUST ENRICHMENT, FRAUD, AND FAILURE TO PAY WAGES |
| Plaintiffs, | No. : |
| v. | **JURY TRIAL DEMANDED** |
| NEW CENTURY TRANSPORTATION, INC. 45 East Park Drive Westampton, NJ 08060 | |
| Defendant. | |

## CLASS ACTION CIVIL COMPLAINT

Leonard Madison ("Madison") on behalf of himself and those similarly situated (hereinafter referred to as "Plaintiffs"), hereby complains as follows against Defendant.

### INTRODUCTION

1.      Madison has initiated the instant action to redress contract violations by Defendant. Plaintiffs assert that Defendants failed to compensate Madison and Plaintiffs properly under the terms of a mutually agreed-upon employment contract.

### JURISDICTION AND VENUE

2.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4.     This Court has original subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 because Madison and/or at least one putative class member working is a citizen of a state other than the state which Defendant New Century Transportation is a citizen of, the class consists of more than 100 class members, and the amount in controversy in the instant action well exceeds five million dollars.

5.     Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6.     The foregoing paragraphs are incorporated herein as if set forth in full.

7.     Plaintiff Leonard Madison is an adult individual with an address as set forth above.

8.     At all times relevant herein, Madison worked for Defendant New Century Transportation, Inc.

9.     Defendant New Century Transportation, Inc., upon information and belief, is headquartered in New Jersey at the address as set forth above.

10.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## CLASS ACTION ALLEGATIONS

11.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

12.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Madison brings his claim for relief to redress Defendant's violations of New Jersey's common law on behalf of himself and those similarly situated.

13.     Specifically, Madison seeks to represent a class of all Plaintiffs who worked or work for Defendants with the same job title and under the same employment contract within the last six (6) years.

14.     The class is so numerous that the joinder of all class members is impracticable. Madison does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is several hundred.

15.     Madison's claims are typical of the claims of the putative class members, because Madison, like all Plaintiffs, was an employee of Defendant whom (1) Defendant contracted with to be paid by mileage calculation; and (2) Defendant failed to compensate according to its own contract provisions all for compensable miles driven.

16.     Madison will fairly and adequately protect the interests of the putative class because Madison's interests are coincident with, and not antagonistic to, those of the class. Madison has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

17.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendant's records.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to

prosecute their common claims in a single forum simultaneously.   Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.   Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

19.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. The primary question of law and fact that is common to the class is whether Defendant improperly failed to compensate Madison and Plaintiffs for all compensable miles driven.

## FACTUAL BACKGROUND

20.     The foregoing paragraphs are incorporated herein as if set forth in full.

21.     Madison and Plaintiffs are current and/or former employees of Defendant New Century Transportation, Inc. who within the last six years have been or are presently employed by New Century Transportation.

22.     Madison worked for New Century Transportation at its location in Westampton, NJ.

23.     Upon information and belief, New Century Transportation has maintained a wage payment system in breach of its own employment contracts for at least the last six years, and has enforced such policies nationwide at all of its facilities throughout the United States.

## BREACH OF CONTRACT

24.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

25.     Madison and Plaintiffs work/worked as Road Drivers for Defendant.

26.     The employment contracts offered to Madison and Plaintiffs promises compensation based upon a combination of hours worked and miles driven.

27.     Madison and Plaintiffs were/are employed by Defendant under the terms of such contract.

28.     Defendant provided/provides Madison and Plaintiffs, in the course of performing their job duties, with a list of locations to which they must drive.

29.     Defendant did/does not provide Madison and Plaintiffs with specific geographic routes to follow when driving from one location to another.

30.     Nevertheless, Defendant had/has a system by which it calculates the total distance (mileage) between two job-related locations.

31.     This calculation system was/is not provided to Madison and Plaintiffs.

32.     Defendant, when calculating Plaintiffs' wages, uses its calculation system to determine mileage rather than using the actual number of miles driven by Madison and Plaintiffs.

33.     As a result of this practice, Defendant did/does not pay Madison and Plaintiffs for the agreed upon mileage rate and in fact pays a lower mileage rate.

34.     The aforementioned conduct has caused damages to Madison and Plaintiffs.

**COUNT I**
**Breach of Contract**
**(Failure to Compensate for Mileage)**

35.     The foregoing paragraphs are incorporated herein as if set forth in full.

36.     At all times relevant herein, Defendant stood in an Employer/Employee relationship with Plaintiffs.

37.     At all times relevant herein, Defendant and Madison and Plaintiffs were bound by contract.

38.     At all times relevant herein, Defendant was responsible for paying wages to Madison and Plaintiffs.

39.     Defendant promised, through contract, to compensate Madison and Plaintiffs for miles driven in the course of employment.

40.     Defendant breached its duty to compensate Madison and Plaintiffs the agreed upon amount per mile because Defendant unilaterally determined that it would not pay Madison and Plaintiffs for miles actually driven but would instead pay based on its arbitrary calculation.

41.     Defendant's failure to compensate Plaintiffs was a breach of their contract.

42.     As a result of Defendant's conduct, Plaintiffs have suffered damages.

## COUNT II
### <u>Unjust Enrichment</u>
**(Failure to Pay Wages for Services Rendered)**

43.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

44.     Defendant benefitted by its aforementioned conduct by receiving work from Plaintiffs for which it did not have to pay.

45.     Plaintiffs were harmed by Defendant's aforementioned conduct in that they performed work for Defendant for which they received no compensation.

46.     As a result, Defendant has been unjustly enriched.

## COUNT III
### <u>Promissory Estoppel</u>
**(Failure to Pay Wages for Services Rendered)**

47.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

48.     Defendant promised to compensate Plaintiffs based, in part, upon mileage driven.

49.     Plaintiffs performed their duties as Road Drivers relying on Defendant's promise that they would be compensated based, in part, upon mileage driven.

50.     Plaintiff's reliance upon Defendant's promise was reasonable and foreseeable.

51.     Defendant's failure to pay Plaintiffs for mileage driven is inequitable.

52.     Defendant should be estopped from failing to pay Plaintiffs according to its contract provisions.

53.     Plaintiffs have been damaged as a result of Defendant's conduct.

### COUNT IV
### <u>New Jersey Wage and Hour Law and New Jersey Wage Payment Collection Law</u>
### (Failure to Pay Wages for Services Rendered)

54.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

55.     Defendant failed to pay wages owed to Plaintiffs.

56.     Defendants conduct violated the New Jersey Wage and Hour Law and the New Jersey Wage Payment Collection Law.

57.     Plaintiffs have been damaged as a result of Defendant's conduct.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to be prohibited from continuing to maintain their policies, practices or customs in violation of state laws and principles of equity;

(2) Defendant is estopped from failing to pay Plaintiffs according to its contract provisions;

(3) Defendant is to compensate, reimburse, and make Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's actions, including but not limited to past lost earnings and expectation damages;

(4) Defendant is to disgorge any and all profits with which, by its actions, it has been unjustly enriched;

(5) Any and all other equitable relief which this Court deems fit.

Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: June 21, 2012